UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81257-CV-MIDDLEBROOKS
(07-80119-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID

LYNROY ANTHONY GAYLE,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE UNAUTHORIZED SUCCESSIVE MOTION - 28 U.S.C. § 2255

### I. Introduction

Movant, **Lynroy Anthony Gayle**, has filed this Motion to Vacate, pursuant to 28 U.S.C. § 2255, challenging his convictions and sentences, entered in **Case No. 07-80119-CR-Middlebrooks**. [CV2 ECF No. 1]. For the reasons discussed below, this Motion should be **DISMISSED** for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B); (C); S.D. Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts.

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that, "[i]f it

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted); *see also United States v. Deal*, 678 F.2d 1062 (11th Cir. 1982) (citations omitted). Courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Because summary dismissal is warranted, no order to show cause has been issued, and the Government has not been required to file a response. *See Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

The court has reviewed Movant's filing [CV2 ECF No. 1], together with all pertinent portions of Movant's underlying criminal file, and Movant's prior § 2255 motion, assigned Case No. **13-81131-CV-Middlebrooks**. It is well settled that this court may take judicial notice of its own records in habeas proceedings. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

2

(finding the district court may take judicial notice of the records of inferior courts).

## II. Relevant Procedural Background

The Government charged Movant with conspiracy to commit money laundering (Count 1) and concealment money laundering (Counts 2 through 80). [CR ECF No. 3]. A jury found him guilty of Counts 1-15 and 17-80, the state dismissed Count 16. [CR ECF No. 48, 66].

The Court sentenced Movant to 120 months' imprisonment, concurrent, followed by three years of supervised release. [CR ECF No. 66]. Movant's convictions and sentences were affirmed on direct appeal in a written, but unpublished opinion. *United States v. Gayle*, 353 F. App'x 268 (11th Cir. 2009).

Movant returned to this court filing his first § 2255 motion, assigned Case No. 13-81131-CV-Middlebrooks, which was denied on the merits. *See* [*Gayle v. United States*, No. 13-81131-CV-Middlebrooks, District Court Order dismissing Petitioner's motion to vacate, CV1 ECF No. 13]. The Court also denied Movant's motion for reconsideration. [CV1 ECF No. 16]. Movant did not appeal.

Movant has now returned to this Court, filing an unauthorized, successive § 2255 motion. [CV2 ECF No. 1].

## III. Discussion

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court

3

to consider the motion." Rules Governing § 2255 Proceedings, R. 9. As authorization has not been granted, this Court lacks jurisdiction to hear this latest § 2255 motion, absent permission from the Eleventh Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Thus, this unauthorized successive § 2255 Motion should be dismissed for lack of jurisdiction. Finally, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of appealability.]" *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

## IV. <u>Recommendations</u>

Based on the foregoing, it is **RECOMMENDED**:

1.  that this case be **DISMISSED** for lack of jurisdiction because it is an unauthorized successive § 2255 motion;

2.  that no certificate of appealability be issued; and,

3.  the case be **CLOSED** by the Clerk of Court.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 2nd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Lynroy Anthony Gayle**
042256923
Adelanto I.C.E Facility
P.O. BOX 6005
Adelanto, CA 92301
PRO SE

**Jeremy Thompson**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Jeremy.Thompson3@usdoj.gov